HARRY GORELICH, Plaintiff, Respondent, *v.* ABRAHAM BRONSTEIN, Defendant, Appellant.

Supreme Court, Appellate Term, First Department, November 11, 1924.

**Brokers — real estate broker — action for broker's commissions on sale of real estate — evidence — testimony by plaintiff that son of defendant received part of commission paid to another broker was material — witnesses — other broker was interested witness — fact that purchaser was client of defendant's attorney did not make him interested witness — testimony involving conversations and acts of broker who had been paid, purchaser, and seller, in plaintiff's absence, is part of res gestæ and competent — judgment reversed for error in excluding testimony.**

In an action by a broker to recover commissions on the sale of real estate, testimony by the plaintiff that a son of the defendant received part of the commission paid to another broker is material as showing a scheme to defraud the plaintiff.

The other broker who had been paid was an interested witness.   The fact that the purchaser was a client of defendant's attorney did not make him an interested witness.

It was reversible error to exclude testimony involving conversations and acts of the broker who had been paid, the purchaser, and the seller, had in the absence of the plaintiff, since the testimony was a part of the *res gestæ* and competent as tending to prove the defendant's claim that the work was performed by the broker who had been paid.

APPEAL by defendant from a judgment of the Municipal Court of the city of New York, borough of The Bronx, second district, after a trial before a judge and jury.

*Carmody, Roth & Mayer* (*Chester Mayer*, of counsel), for the appellant.

*Louis Susman*, for the respondent.

*Per Curiam.* This appeal is based upon errors in the admission and exclusion of evidence. The plaintiff sued for broker's commission on the sale of real estate. Defendant assigns as the first error that the plaintiff was allowed over objection to testify that a son of the defendant received part of the commission paid to one Kurtz, another broker. This testimony was, however, in our opinion, material as showing a scheme to defraud plaintiff. Since it was material to plaintiff's case to show that another broker was paid, the amount of the payment and the manner of its division were a part of the transaction and incidental to the major proposition.

The next error assigned is in the refusal to charge that Fisher, the purchaser, and Kurtz, the broker, who had been paid, were disinterested witnesses. We find no error in the refusal in so far as it applies to Kurtz, but Fisher was clearly disinterested in the outcome of the action. *Rheinfeldt* v. *Dahlman*, 19 Misc. Rep. 162. The only reason given by respondent for his claim that Fisher was interested is that he was a client of defendant's attorney. That in no way involves a financial interest in the outcome of this litigation. It is to be noted that no exception was taken by appellant to the refusal to charge on this question.

Finally, and more seriously, the court, over appellant's objection, excluded testimony involving conversations and acts of the broker, the purchaser and seller had in the absence of plaintiff. To this exception was taken. This testimony is said in *Kehoe* v. *Jacobus*, 188 App. Div. 931, to be part of the *res gestæ* and competent as tending to prove defendant's claim that the work was performed by another broker who has been paid.

For this error in excluding testimony the judgment must be reversed and a new trial ordered, with thirty dollars costs to appellant to abide the event.

GUY and BIJUR, JJ., concur; MULLAN, J., votes to reverse upon the ground last stated.